UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| MADELYN THOMPSON, | ) |
| Plaintiff | ) |
| v. | ) Case No.: |
| OXFORD LAW, LLC, | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

MADELYN THOMPSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against OXFORD LAW, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

PLAINTIFF'S COMPLAINT

3. Defendant's principal office is located in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Morrisville, Pennsylvania 19067.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with its principal office located at: 311 Veterans Highway #100A, Levittown, Pennsylvania 19056.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all relevant times, Defendant was attempting to collect an alleged consumer debt.

13. The alleged debt at issue, an automobile loan from Triad (hereinafter "the alleged debt"), arose out of transactions, which were primarily for personal, family, or household purposes.

14. Beginning in or around December 2013, and continuing through January 2014, Defendant continuously and repeatedly contacted Plaintiff on her cellular telephone seeking and demanding payment for the alleged debt.

15. During this time, Defendant contacted Plaintiff on her cellular telephone, on average, one (1) to two (2) times a day.

16. During the first telephone conversation between the parties, Defendant stated that it was looking for Plaintiff's father, as he owed the alleged debt.

17. Plaintiff advised Defendant that her father had passed away in 2005.

18. Defendant responded that Plaintiff was a co-signer on the alleged debt and that she was then liable.

19. Plaintiff explained to Defendant that the vehicle was returned to the original creditor in 2005 after her father passed away.

20. Plaintiff understood that, after returning the vehicle, nothing was owed on the vehicle.

21. Plaintiff told Defendant that she disputed owing the alleged debt and that she refused to pay the alleged debt.

22. It was upsetting to Plaintiff to be called for her deceased father's debt and then to be told that she was now responsible for the alleged debt.

23. Defendant never investigated Plaintiff's dispute of the debt.

24. Rather, Defendant persisted in calling Plaintiff continuously and repetitively on her cellular telephone in its attempts to coerce her into paying the alleged debt.

25. Further, in its communications with Plaintiff, Defendant threatened Plaintiff that if she didn't pay the alleged debt, it would garnish her wages.

26. At the time Defendant made this threat, it did not intend to garnish Plaintiff's wages and did not have legal authority to do so, as in Pennsylvania, a person's wages cannot be garnished to satisfy a debt.

27. Upon information and belief, Defendant made this threat in an effort to extort Plaintiff into paying the alleged debt, which was time-barred.

28. Lastly, in its attempts to collect a debt, on or about December 26, 2013, Defendant mailed correspondence to Plaintiff deceptively identifying the creditor as "Purchaser Advantage, LLC." See Exhibit A, Defendant's December 26, 2013, letter.

29. Upon information and belief, there is no entity named 'Purchaser Advantage, LLC."

30. Rather, upon information and belief, the creditor is "Purchasers Advantage, LLC."

31. A consumer searching their records or internet would not find an entity named "Purchaser Advantage, LLC."

32. Defendant's actions in attempting to collect a debt were harassing, abusive, and annoying.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

33. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repetitively calling Plaintiff on her cellular telephone, even after being told that she disputed and refused to pay the alleged debt, with the intent to harass or annoy Plaintiff.

## COUNT II

34.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(4), and 1692e(10).

    a.    A debt collector violates § 1692e when by using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

    b.    A debt collector violates § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages.

    c.    Section 1692e(10) of the FDCPA prohibits debt collectors

from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    d.    Here, Defendant violated §§ 1692e, 1692e(4) and 1692e(10) of the FDCPA when it threatened to garnish Plaintiff's wages even though it did not have the legal authority and/or intend to take such action as well as when it falsely identified the creditor as "Purchaser Advantage, LLC."

## COUNT III

35.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a.    A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    Here, Defendant violated § 1692f of the FDCPA by failing to investigate Plaintiff's dispute of the debt and continuing to contact Plaintiff about the alleged debt after she refused to pay.

WHEREFORE, Plaintiff, MADELYN THOMPSON, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MADELYN THOMPSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: August 12, 2014

KIMMEL & SILVERMAN, P.C.

By: _____
CRAIG THOR KIMMEL
PA Attorney Id. No. 57100
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 148
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT